

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

PETER C. CONTINO
PARTNER
(516) 357-3560
Peter.contino@rivkin.com

February 10, 2015

<u>**VIA ECF**</u>
Hon. Naomi Reice Buchwald, U.S.D.J.
  Southern District of New York
Daniel Patrick Moynihan
United States Courthouse - 500 Pearl St.
New York, New York 10007-1312

       Re: **Mark Shapiro v. Daniel Sachs Goldman, et al.**
          **Docket No.: 14-cv-10119 (NRB)**

Dear Judge Buchwald:

This letter is submitted on behalf of defendant Rivkin Radler LLP ("Rivkin") pursuant to Your Honor's individual rules, to request a pre-motion conference in anticipation of moving to dismiss plaintiff Mark Shapiro's ("Shapiro") Amended Complaint ("Complaint") because it fails to plead any viable claim against Rivkin. The Complaint purports to assert six separate direct Civil Rights claims under 42 U.S.C. §1983, one claim for alleged conspiracy to violate Shapiro's Civil Rights under 42 U.S.C. §1983 and pendant state law claim(s) for tortious interference and/or conspiracy to commit tortious interference.[1] And, while not necessary for the motion, the Complaint's conclusory claims that Rivkin engaged in an illegal campaign to have Shapiro criminally prosecuted or participated in a "conspiracy" to violate Shapiro's civil rights are simply untrue and preposterous.

Shapiro's Complaint alleges that he was indicted and arrested on or about February 29, 2012 in the case captioned, *United States v. Michael Zemylansky, et al.*, in the United States District Court for the Southern District of New York, Docket No. 12-cr-171 (JPO) (the "Criminal Case"). Shapiro claims the indictment was ultimately dismissed against him on December 30, 2013. The Complaint claims that the United States ("Gov't") indicted Shapiro based on a false allegation that he prepared radiology reports finding injuries that were not present on the corresponding films. (Complaint at ¶ 40). The Complaint further alleges that in 2010, Rivkin publicly-filed a civil fraud complaint against Shapiro and others, entitled, *Travelers Indemnity Company v. United Diagnostic Imaging, P.C., Mark Shapiro, M.D., et al.*, in the United States District

---

[1] Shapiro's direct Civil Rights claims against Rivkin under 42 U.S.C. § 1983 are, apparently, based on the following theories: deprivation of Civil Rights, malicious prosecution, false arrest, denial of Constitutional Right to a fair trial due to fabrication of evidence, malicious abuse of process, and a "Stigma Plus" defamation claim. This action was filed on December 24, 2014. Certain claims, such as the defamation claim, may also be barred on grounds not recited herein, including the statute of limitations.

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Hon. Naomi Reice Buchwald
February 10, 2015
Page 2

Court for the Eastern District of New York, Docket No. 10-cv-3620 (Complaint at ¶¶ 132, 137-38, 170, 189, 235), which Shapiro settled shortly thereafter.[2]

The only specific allegations in the Complaint as against Rivkin are that, "upon information and belief," at some unspecified time, Rivkin "pressured" or "pressed" the Gov't to criminally prosecute or "eliminate" Shapiro or face public criticism that it "refused to prosecute fraudulent healthcare providers." (Complaint at ¶¶ 45, 132-33, 172 and 235). These allegations, even if true, clearly fall within the purview of the immunity provided to petitioning activity by Rivkin under the *Noerr-Pennington* doctrine, which is grounded in the petition clause of the First Amendment of the U.S. Constitution, and acts to bar claims stemming from a party's petition to the government. *See, e.g., City of Columbia v. Omni Outdoor*, 499 U.S. 365, 375 (1991) (noting that there is no conspiracy exception to *Noerr-Pennington*); *Mosdos Chofetz Chaim v. Village of Wesley Hills*, 701 F. Supp. 2d 568, 594-95 (S.D.N.Y. 2010). Thus, any alleged requests by Rivkin (which are not specified in any event) that the Gov't prosecute Shapiro clearly are protected under the immunity from suit provided by the *Noerr-Pennington* doctrine.

Shapiro makes no allegations that would overcome the *Noerr-Pennington* doctrine. For example, the allegations that Rivkin threatened to publicly-criticize the Gov't if it did not prosecute Shapiro, involves nothing untoward, such as blackmail or bribery, but rather Constitutionally-protected speech (*i.e.*, an appeal the public opinion). The Complaint also makes no allegation that any effort to obtain prosecution of Shapiro by the Gov't was a sham. *See Omni Outdoor*, 499 U.S. at 380 (describing sham exception). In addition, the Complaint's remaining allegations as against Rivkin consist of bare, conclusory allegations against a hodge-podge of multiple parties, but those allegation fall far short of the pleading standards required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007), as well as the elements necessary to state Civil Rights' claims against a private party, such as Rivkin.

A private party may not be deemed a state actor for purposes of a § 1983 Civil Rights' claim unless it acts jointly, or conspires, with the government to violate someone's Civil Rights. *See, e.g., Betts v. Shearman*, 2013 U.S. Dist. LEXIS 11139, 41-42 (S.D.N.Y. Jan. 24, 2013) (dismissing "§1983 claims for false arrest, false imprisonment, malicious prosecution, abuse of process, and denial of a right to a fair trial … [b]ecause [defendant] is not a state actor, and was not acting under color of state law"), *aff'd*, 751 F.3d 78 (2d Cir. 2014); *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (same); *Liang v. City of New York*, 2014 U.S. Dist. LEXIS 141090, *8-9 (E.D.N.Y. Sept. 29, 2014) (claim that "[d]efendants acted together" and "conspired … are textbook examples of the kinds of conclusory allegations that are devoid of factual content").

---

[2] Two points are worth noting: (1) Traveler's theory of liability in the case was fraudulent incorporation – that Shapiro was not the true owner of the P.C. and thus ineligible to seek or recover No-Fault benefits. This theory is completely different from the allegedly false allegation on which the Gov't prosecuted Shapiro (*i.e.*, false readings in reports on radiology films); and (2) that Shapiro also settled claims with other Rivkin clients, State Farm and GEICO, before they proceeded to file civil fraud complaints.



Hon. Naomi Reice Buchwald
February 10, 2015
Page 3

A Civil Rights' conspiracy claim is viable only if it plausibly can be inferred from the facts pled that the state actor and private party had a "meeting of the minds" to violate Shapiro's Civil Rights. *See, e.g., Lienau v. Garcia*, 2013 U.S. Dist. LEXIS 178415, *15, (S.D.N.Y. Dec. 19, 2013)("conclusory allegations that the private individual conspired or took concerted action with state actors will not suffice" to state a plausible § 1983 claim). Shapiro alleges no facts to support an inference that the Gov't failed to exercise independent judgment or that Rivkin usurped control of the prosecution.

The Complaint either: (1) lumps together conclusory allegations concerning the so-called "Faux Law Enforcement Defendants" which by definition collectively includes the National Insurance Crime Bureau, its employee, and Rivkin (Complaint at ¶¶ 38-40, 43, 46, 48, 77, 79, 85, and 241) – but fails to identify who supposedly did what, where and when, and how Rivkin jointly-acted with the Gov't to violate, or conspired to violate, Shapiro's Civil Rights; or (2) merely references the pleading-style and strategies in publicly-filed, civil fraud actions filed by Rivkin – before the Indictment – on behalf of clients against unspecified parties, against Clearview of Brooklyn Medical, P.C., and/or, in 2010, against Shapiro, as well as the alleged similarity of the allegations made by the Gov't in papers it filed in the Criminal Case (Complaint at ¶¶ 134-38, 170, 175, 189, 193-95, 228, 230) – but these allegations also fail to explain how the Gov't's use of language or theories from earlier lawsuits, publicly-filed and used by Rivkin, plausibly establishes a claim that Rivkin was a joint actor in the Gov't's prosecution of Shapiro, or conspired to violate, Shapiro's Civil Rights.

Finally, as the federal law claims must be dismissed, so too must the pendent state law claims for lack of subject matter jurisdiction. In any event, the Complaint fails to plead the requisite elements for a tortious interference with contract, or conspiracy to tortiously interfere with contract, claim under New York law. *See, e.g., Gov't Employees. Ins. Co. v. Hazel*, 2014 U.S. Dist. LEXIS 133870, *3 fn. 2 (E.D.N.Y. Aug. 11, 2014).

It is clear that Shapiro has no good faith basis to include Rivkin as a defendant in this case. Accordingly, unless Shapiro is willing to voluntarily discontinue the Complaint as against Rivkin, we respectfully request a conference in anticipation of moving to dismiss the Complaint in its entirety.

         Respectfully submitted,

         RIVKIN RADLER LLP

         Peter C. Contino

cc: Hon. Naomi Reice Buchwald (via facsimile, courtesy copy)
   Jonathan Marc Davidoff, Esq. (via e-mail)