**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

One Battery Park Plaza
4th Floor
New York, NY 10004

Phone: 212-422-1200
Fax: 212-968-7573
www.agfjlaw.com

February 10, 2015

Via ECF and Via Facsimile: (212) 805-7927
Hon. Naomi Buchwald, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse – Room 2270
500 Pearl Street
New York, New York  10007

      Re:    Mark Shapiro v. Daniel Sachs Goldman, et al.
             Case No.:   14-cv-10119 (NRB)
             Our Clients: National Insurance Crime Bureau and
                            Anthony Tardalo
             Our File No.: 30530

Dear Judge Buchwald:

      I represent National Insurance Crime Bureau and Anthony Tardalo (hereinafter "NICB" and "Tardalo"). In accordance with Your Honor's individual practices, I write to request a Pre-Motion conference in this case, at which time I will request permission from Your Honor to move pursuant to Rule 12 to dismiss plaintiff's Complaint in its entirety. The following content of this letter will set forth the basis for the anticipated motion.

      The First, Second, Third, Fourth, Fifth, Seventh, Eighth and Tenth Causes of action include NICB and Tardalo among the defendants against whom those claims are asserted. Each of those claims is brought pursuant to 42 U.S.C. §1983. NICB and Tardalo submit that each of those Causes of Action, because they use §1983 as a means to bring the claims, must be dismissed because neither NICB nor Tardalo are a "state actor". The condition precedent for maintaining a §1983 claim against an entity and/or individual is that the person or entity who has purportedly deprived the plaintiff of his rights acted under color of the state law. In this case, NICB and Tardalo can demonstrate their role in this case was merely to provide information to the FBI in response to the FBI's request. NICB and Tardalo submit that their conduct cannot be fairly attributable to the State because there was not such a close nexus between the State and the challenged action that seemingly private behavior can be treated fairly as that of the State. Instead, the Complaint is rife with conclusory allegations that NICB acted in concert with the State. See, e.g., Hubbard v. James Hardey, 2010 U.S. LEXIS 46550 (S.D.N.Y. 2010); Kanciper v. Lato, 983 F. Supp. 2d 216 (E.D.N.Y. 2013).

**AGF&J**  Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

NICB and Tardalo also submit that their conduct is protected by the immunity provided by Financial Services Law §405, which is the successor to Insurance Law §406. Our research has not disclosed any case law interpreting the statute and submits that this Court, as the Court did in Zellermaier v. Travelers Indemnity Company of Illinois, 190 Misc. 2d 487 (NY Cty S.Ct 2002) must look to the Legislative history in construing the law. The Legislative history supports the argument that a broad reading of the immunity provided by the statute is in accordance with the Legislative intent to allow the agency to more effectively investigate and discover insurance frauds.

As a group, plaintiff's claims against NICB and Taradalo for false arrest, malicious prosecution, and abuse of process are not viable because (1) the elements of each of these causes of action cannot be made out against either NICB and/or Tardalo and (2) probable cause constitutes an absolute defense to these claims. In this case, the probable cause is presumed because the arrest was effected pursuant to a warrant issued by a Magistrate. Additionally, probable cause is presumed when a Grand Jury hands down an indictment. Betts v. Scherman, 751 F.3d 78 (2nd Dept., 2014) ("because arguable probable cause existed to arrest Betts, his claims for false arrest, false imprisonment, malicious prosecution and abuse of process were properly dismissed.") In addition, as to the false arrest claim, neither NICB nor Tardalo was the arresting entity. In addition, as to the malicious prosecution and abuse of process claims neither NICB nor Tardalo was the prosecuting entity. The claims also suffer from another defect which mandates its dismissal, and that is the failure to allege special damages. To the extent that the Complaint alleges round numbers and general allegations of dollar amounts, these are insufficient as special damages. Kanciper, supra. For these same reasons, the Eighth Cause of Action, alleging "stigma plus" should be dismissed. Further, to the extent that the Complaint seeks to impose liability on NICB based upon its supervision of Tardalo, the case law cited above holds that the doctrine of respondeat superior is inapplicable in cases under § 1983.

In connection the Causes of Action which allege conspiracy to violate Shapiro's civil rights, and conspiracy to commit tortious interference, those claims are also subject to dismissal. In connection with the claims of conspiracy to violate his civil rights, NICB and Tardalo submit that the Complaint cannot satisfy the standards established by Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002), See also Dunlop v. City of New York, 2008 U.S.Dist. LEXIS 38250 (S.D.N.Y. 2008). In connection with the plaintiff's claims of business interference and conspiracy to commit tortious interference (the Tenth Cause of Action), NICB and Tardalo assert that these claims do not state a claim upon which relief can be granted. Both NICB and Tardalo submit that the elements of the cause of action cannot be satisfied. Moreover, since New York does not recognize an independent cause of action for civil conspiracy. The claim rises or falls only with the underlying tort, NICB and Tardalo respectfully submit that these causes of action are subject to dismissal. See, Romano v. Romano, 2 A.D.3d 430 (2d Dept., 2003); Rose v. Different Twist Pretzel, Inc., 3014 N.Y. App. Div. LEXIS 8737 (2d Dept., 2014).

**AGF&J** Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

The Fourth Cause of Action which alleges denial of constitutional rights to a fair trial has no place in the Complaint since there was no trial in this litigation.

Last, the first claim for relief is entitled "Deprivation of Federal Civil Rights Under 42 U.S.C. §1983". NICB and Tardalo submit that this is duplicative of the succeeding claims and that since the succeeding failed to state a claim upon which relief can be granted, so too, does the first claim for relief.

In sum, NICB and Tardalo respectfully submit that this Complaint cannot satisfy the standards under Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and is subject to dismissal.

For the foregoing reasons, NICB and Tardalo respectfully request leave of Court to move, pursuant to Rule 12, to dismiss plaintiff's Complaint in its entirety, with prejudice.

Thank you for your consideration of the above.

Respectfully yours,

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP

By: _____
Barry Jacobs

BJ:km

Cc: By electronic mail to jonathan@davidofflawfirm.com
Jonathank Mark Davidoff
Attorney for Plaintiff
228 East 45th Street – Suite 1700
New York, New York 10017

Rivkin Radler LLP
926 RXR Plaza
Uniondale, New York 11556
Attn: Peter C. Contino, Esq.
By electronic mail to peter.contino@rivkin.com
Attn: Michael C. Mule
By electronic mail to Michael.mule@rivkin.com