**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

VIA ECF AND HAND DELIVERY

Salvatore Romanello
+1 (212) 310-8454
salvatore.romanello@weil.com

February 11, 2015

Hon. Naomi Reice Buchwald
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

    Re:    *Mark Shapiro v. Daniel Sachs Goldman, et al.*, Case No. 14-CV-10119 (NRB)

Dear Judge Buchwald:

    This letter is submitted on behalf of Defendants Farmers Insurance Company ("Farmers") and Dallas Ragan ("Ragan"). We write to respectfully request a pre-motion conference in anticipation of moving to dismiss plaintiff Mark Shapiro's ("Plaintiff" or "Mr. Shapiro") Amended Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state any claim against Farmers and Ragan.

    The gravamen of Mr. Shapiro's Complaint is that numerous defendants conspired to fabricate claims and evidence that Mr. Shapiro "participated with and was a member of Russian organized crime involved in a conspiracy to commit healthcare fraud." Complaint ¶ 39. As against Farmers and Ms. Ragan, Mr. Shapiro brings six separate claims under 42 U.S.C. § 1983 ("Section 1983"), a claim for what appears to be a conspiracy to violate Civil Rights under Section 1983 ("Civil Rights Conspiracy Claim"), and a claim for tortious interference and conspiracy to commit tortious interference ("Tortious Interference Claim"), all arising from his arrest and indictment by federal prosecutors, who, according to Mr. Shapiro, falsely alleged that "he prepared radiology reports finding injuries that were not present in the corresponding radiology films." Complaint ¶ 39.

    The only specific allegation by Mr. Shapiro against Farmers and Ms. Ragan is that Ms. Ragan responded to a request made by the United States Attorneys' Office to Defendant National Insurance Crime Bureau "requesting all billing where Dr. Mark Shapiro is named on the bills as the treating provider, employee, or doing MRI reads for KKM Diagnostics OC ... and Clearview of Brooklyn Medical P.C." Complaint ¶ 224. Putting aside the absurdity of holding Farmers and Ms. Ragan liable for violations of Section 1983 based on their providing billing information requested by federal prosecutors – Section 405 of the New York Financial Service Law expressly immunizes Ms. Ragan's and Farmers' conduct. Section 405 provides in relevant part: "In the absence of fraud or bad faith, no person subject to the provisions of this chapter, the banking law or the insurance law shall be subject to civil liability, and no civil cause of action of any nature shall arise against such person for any: (a) information relating to suspected violations of the banking law or the insurance law furnished to law enforcement officials, their agents and employees..." *See e.g., Zellermaier v. Travelers Indemnity Co. of Illinois*, 190 Misc.2d 487, 489

(Sup. Ct. N.Y. County 2002) (holding that § 406 of the New York Insurance Law, predecessor to § 405, barred Plaintiff's claim and granting summary judgment in favor of the defendant).

Additionally, Plaintiff's Section 1983 and Civil Rights Conspiracy claims suffer from multiple infirmities. Neither Farmers nor Ms. Ragan are state actors, nor are there any specific allegations in the Complaint regarding any conspiracy between any state actors, Farmers, or Ms. Ragan. Plaintiff's reliance on numerous conclusory allegations regarding the Defendant Insurance Companies (which is defined to include Farmers and Ms. Ragan) cannot cure this defect. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Lehman v. Kornblau*, 134 F.Supp.2d 281, 290-91 (E.D.N.Y. 2001) (dismissing plaintiff physician's Section 1983 claims for false arrest and malicious prosecution against private insurers, where plaintiff had been acquitted of insurance fraud, finding that conclusory allegations of participating in a conspiracy were not sufficient allegations of direct and personal involvement in a false arrest or malicious prosecution claim). Moreover, the underlying predicate constitutional violations for Mr. Shapiro's Section 1983 claims have not been met, including with respect to his claims for deprivation of federal civil rights, malicious prosecution, false arrest, denial of a constitutional right to a fair trial, abuse of process, and false and stigmatizing statements made by the federal government.

Plaintiff's Tortious Interference Claim should also be dismissed for similar reasons. Plaintiff has failed to allege any specific actions undertaken by Farmers or Ms. Ragan to support a claim that they tortiously interfered with any contract that Plaintiff may have been a party to.

Accordingly, Farmers and Ragan respectfully request a pre-motion conference in order to file a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim against them.

Respectfully submitted,

*S. A. Romanello*

Salvatore A. Romanello

cc: Jonathan Marc Davidoff, Esq. (via email)