

Focused on the Business of Insurance℠

Michael R. Nelson
D: 212.233.6251
C: 212.233.5083
mnelson@nelsonbrownco.com

February 19, 2015

Honorable Naomi Reice Buchwald
United States District Court, S.D.N.Y
500 Pearl Street
New York, NY 10007

    Re:   *Mark Shapiro v. Daniel Sachs Goldman, et al.*,
           Case No. 14-cv-10119 (NRB)

Dear Honorable Buchwald:

    This letter is submitted on behalf of Defendants Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Insurance Company (the "GEICO Defendants"). The GEICO Defendants write to respectfully request a pre-motion conference pursuant to this Court's Individual Practices in advance of filing a motion to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

    The gravamen of Plaintiff's Amended Complaint appears to be that the Government Defendants conspired with the Insurer Defendants and the National Insurance Crime Bureau to deprive Plaintiff of certain constitutional rights.[1] Other than these broad allegations, Plaintiff's 107 page Amended Complaint fails to allege with any specificity how the GEICO Defendants conspired with any government agent. In fact, the only specific allegation against the GEICO Defendants is that, "In addition, high ranking members of the USDOJ at the policy making level were and are contacted, lobbied, and inappropriately influenced by the NICB and powerful insurance company entities such as GEICO to, through the NICB, initiate investigations with pre-determined outcomes as to who will be indicted and prosecuted." Am. Compl. ¶ 131. Based solely on conclusory allegations, Plaintiff brings eight causes of action against the GEICO Defendants: (a) six separate claims under 42 U.S.C. § 1983 ("Section 1983 Claims"); (b) conspiracy to violate Plaintiff's civil rights; and (c) tortious interference with business relations and contracts/conspiracy to commit tortious interference.

    Even if the conclusory allegations pled by Plaintiff were true, Plaintiff's Section 1983 Claims fail. First, New York Financial Service Law 405 expressly immunizes the GEICO Defendants' conduct. Second, the type of conduct described in the Amended Complaint is

---

[1] These allegations stem from Plaintiff's indictment and arrest on February 29, 2012, in *United States v. Zemylansky, et al.*, Docket No. 12-cr-171 (S.D.N.Y.).

protected under the *Noerr-Pennington* doctrine. *Dr. Reddy's Labs., Ltd.*, No. 01 Civ. 10102 (LAP), 2002 WL 31059289, at *13 (S.D.N.Y. Sept. 13, 2002) (citing *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136 (1961)); *see also Mosdos Chofetz Chaim, Inc. v. Village of Wesley Hills,* 701 F.Supp.2d 568, 596 (S.D.N.Y. 2010) ("the framework of the *Noerr–Pennington* doctrine can be applied in the context of civil rights actions").

In addition, to state a claim under Section 1983, Plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Lastra v. Barnes & Noble Bookstore,* No. 11 Civ. 2173, 2012 WL 12876, at *4 (S.D.N.Y. Jan. 3, 2012) aff'd, 523 F. App'x 32 (2d Cir. 2013) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)) (quotation marks omitted). The Geico Defendants, as private parties, cannot be deemed state actors for purposes of Section 1983 unless they acted jointly or conspired with the government to violate Plaintiff's civil rights. *Sybalski v. Independent Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008) (citing *Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n,* 531 U.S. 288, 296 (2001)); *Lastra v. Barnes & Noble Bookstore*, 2012 WL 12876, at *4 (quoting *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003)). In order to survive a motion to dismiss, Plaintiff "must allege facts showing that there is such a close nexus between the state and the challenged action that seemingly private behavior" on the part of the GEICO Defendants may be fairly treated as that of the state itself. *Lastra v. Barnes & Noble Bookstore*, No. 11 CIV. 2173, 2012 WL 12876, at *4 (S.D.N.Y. Jan. 3, 2012) aff'd, 523 F. App'x 32 (2d Cir. 2013) (quoting *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003)). Importantly, "[m]ere cooperation with a state official or investigatory agency is insufficient to establish state action." *Jordan v. Federal Bureau of Prisons*, No. 09 Civ. 8561(ALC), 2013 WL 1143617, at *10 (S.D.N.Y. Mar. 19, 2013) (citing *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)); *see also San Filippo v. U.S. Trust Co. of New York, Inc.*, 737 F.2d 246, 252, 256 (2d Cir. 1984). The Amended Complaint fails to allege any such nexus between the Government Defendants and the GEICO Defendants, as it must to state a Section 1983 Claim.

The specious nature of Plaintiff's claims against the GEICO Defendants is evidenced by Plaintiff's Section 1983 Claim for Denial of Constitutional Rights to Fair Trial Due to Fabrication of Evidence. In order to succeed on this cause of action, Plaintiff must show that the GEICO Defendants falsified or fabricated evidence used at trial. *Blair v. City of New York,* No. 03 CV 1485(SLT)(CLP), 2009 WL 959547, at *11 (E.D.N.Y. Mar. 31, 2009). Plaintiff, however, admits in the Amended Complaint that the charges against him were dismissed before trial, making this cause of action patently improper. Am. Compl. ¶ 42. All of Plaintiff's Section 1983 Claims against the GEICO Defendants similarly fail to state a claim. *See generally Lehman v. Kornblau,* 134 F.Supp.2d 281 (E.D.N.Y. 2001).

Honorable Naomi Reice Buchwald
*Mark Shapiro v. Daniel Sachs Goldman, et al.,*
Page 3 of 3

    Furthermore, New York and federal jurisprudence do not "recognize civil conspiracy to commit a tort as an independent cause of action." *Kent v. Drought*, No. 08-CV-414-JTC, 2012 WL 3779485, at *6 (W.D.N.Y. Aug. 31, 2012); *see also Beck v. Pupris*, 529 U.S. 494, 503–505 (2000); *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Indeed, a civil conspiracy claim cannot survive when the underlying tort claim fails. *Kent*, 2012 WL 3779485, at *6. The basis for dismissing Plaintiff's Section 1983 Claims against the GEICO Defendants apply with equal force to Plaintiff's conspiracy claim.

    Finally, the Amended Complaint fails to state a claim for tortious interference with business relations and contract or conspiracy to commit tortious interference. Plaintiff fails to allege any specifics as to how the GEICO Defendants interfered with any business relation or contract (or conspired to do so). *Natale v. Beth Israel Med. Ctr.*, No. 14 Civ. 2844(LLS), 2014 WL 5374349, at *1-2 (S.D.N.Y. Oct. 10, 2014) (dismissing plaintiff's tortious interference with a contract claim); *Medcalf v. Walsh*, 938 F.Supp.2d 478, 490-91 (S.D.N.Y. 2013) (dismissing conspiracy to commit tortious interference with business relations and tortious interference with business relations claims)

    For the foregoing reasons, the GEICO Defendants respectfully request a pre-motion conference so that they may move forward with a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

                                             Respectfully submitted,

                                             NELSON BROWN & CO.

                                             Michael R. Nelson