AGF&J  Abrams, Gorelick, Friedman & Jacobson, LLP
Attorneys At Law

One Battery Park Plaza
4th Floor
New York, NY 10004

Phone: 212-422-1200
Fax: 212-968-7573
www.agfjlaw.com

February 19, 2015

Via ECF and Via E-Mail:
oetkennysdchambers@nysd.uscourts.gov
Hon. J. Paul Oetken
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York  10007-13112

   Re:  Mark Shapiro, et al.
      Case No.:  12-cv-171 (JPO)
      Response to Plaintiff's Related Case Statement filed on February 18, 2015
      Our File No.:  14492

Via ECF and Via Facsimile: (212) 805-7927
Hon. Naomi Buchwald, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse – Room 2270
500 Pearl Street
New York, New York  10007

   Re:  Mark Shapiro v. Daniel Sachs Goldman, et al.
      Case No.:  14-cv-10119 (NRB)
      Our Clients: National Insurance Crime Bureau and Anthony Tardalo
      Response to Plaintiff's Related Case Statement filed on February 18, 2015
      Our File No.:  30530

Dear Judge Oetken and Judge Buchwald:

   We represent National Insurance Crime Bureau and Anthony Tardalo (hereinafter "NICB" and "Tardalo").  This correspondence is submitted in opposition to plaintiff's recently filed Related Case Statement (Document 49 in the docket of case number 14-cv-10119 (NRB).  NICB and Tardalo respectfully submit that plaintiff's Statement that these cases are related, and his application to transfer the civil case, now presided over by Judge Buchwald, to Judge Oetken, the Judge who presided over the criminal matter, should be denied in its entirety.

AGF&J   Abrams, Gorelick, Friedman & Jacobson, LLP
        Attorneys At Law

Hon. J. Paul Oetken
Hon. Naomi Buchwald, U.S.D.J.
United States District Court
Southern District of New York
February 19, 2014o5
Page - 2 –

        There is a very simple and concise reason why plaintiff's Related Case Statement
and application to transfer the civil case to Judge Oetkin should be denied in its entirety.
There is a rule in which is part of the local rules for the United States District Courts for
the Southern and Eastern Districts of New York which directly addresses the issue.  Rule
13 is entitled "Related Cases".  Subdivision (a)(2)(c) establishes that plaintiff's application
is wholly without merit.  In pertinent part, Rule 13 (a)(2)(c) states:

        "Criminal cases are not treated as related to civil cases."

        NICB and Tardalo respectfully submit that there is nothimg more that needs be
presented to this Court to demonstrate the clear impropriety of plaintiff's application.  Rule
13(a)(1), which is the "General Rule", makes it plain that a determination of relatedness
can only involve civil cases, bankruptcy appeals, motions to withdraw a bankruptcy
reference, and inspection of whether they are deemed related to one or more civil cases,
appeals or motions.  Subdivision (a)(2) contains "limitations on the General Rule".
Subdivision (c), cited above, is one of those limitations.

        For these reasons, it is respectfully submitted that plaintiff's Related Case
Statement, and request that the civil case be transferred to Judge Oetken, should be denied
in its entirety.

        Thank you for your consideration of the above.

                                    Respectfully submitted,

                                    ABRAMS, GORELICK, FRIEDMAN &
                                    JACOBSON, LLP

                                    By: _____
                                        Barry Jacobs

BJ:km

Cc:     By ECF to All Counsel