quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7234

WRITER'S INTERNET ADDRESS
douglasdunham@quinnemanuel.com

February 19, 2015

<u>VIA ECF</u>

Hon. Naomi Reice Buchwald
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

Re:    <u>Mark Shapiro v. Daniel Sachs Goldman, et. al.</u>, Docket No. 14-CV-10119 (NRB)

Dear Judge Buchwald:

  I am writing on behalf of Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm") to respectfully request, under Your Honor's individual rules, a pre-motion conference in anticipation of moving to dismiss the Amended Complaint ("Am. Compl.") of Plaintiff Mark Shapiro ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against State Farm.

  Plaintiff's Amended Complaint alleges that numerous defendants conspired to "fabricate[] claims, evidence, reports and statements that Dr. Shapiro participated with and was a member of Russian organized crime involved in a conspiracy to commit healthcare fraud." (Am. Compl. ¶ 39.) Plaintiff claims that federal prosecutors improperly indicted him based on "[t]he false allegation asserted against [him] . . . that he prepared radiology reports finding injuries that were not present in the corresponding radiology films." (<u>Id.</u> ¶ 40.)

  With respect to State Farm, the Amended Complaint purports to assert six separate direct civil rights claims under 42 U.S.C § 1983 ("Section 1983"),[1] a claim for an alleged conspiracy to

---

[1] The alleged underlying constitutional violations for Plaintiff's Section 1983 claims are, apparently, deprivation of federal civil rights, false arrest, malicious prosecution, denial of a constitutional right to a fair trial, abuse of process, and "Stigma Plus" defamation. (Am. Compl. ¶¶ 276-314, 327-32.)

February 19, 2015
Page 2

violate Plaintiff's civil rights under Section 1983, and a claim for tortious interference and/or conspiracy to commit tortious interference. Plaintiff's claims against State Farm are all deficient as a matter of law and fall far short of meeting the pleading standards established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff's direct Section 1983 claims against State Farm fail as a matter of law because State Farm is not a state actor. To state a claim under Section 1983, Plaintiff must allege that "the conduct complained of [was] committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private [parties]." *Rios v. N.Y. Exec. Dep't Div. of Parole*, 2008 WL 150209, at *3 (E.D.N.Y. Jan. 14, 2008). Accordingly, because State Farm indisputably is not a state actor, Plaintiff's Section 1983 claims against it must be dismissed. *See, e.g., Betts v. Shearman*, 2013 WL 311124, at *13 (S.D.N.Y. Jan. 24, 2013) (dismissing section 1983 claims because defendant "is not a state actor, and was not acting under color of state law"), *aff'd*, 751 F.3d 78 (2d Cir. 2014).

Plaintiff's civil rights conspiracy claim should similarly be dismissed. The Second Circuit has made clear that "[i]n order to survive a motion to dismiss on his § 1983 conspiracy claim, [a plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* at 324. Rather, a plaintiff must allege that the private entity and state actors "carried out a deliberate, previously agreed upon plan," or that their activity "constitute[d] a conspiracy or meeting of the minds." *Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984); *see also Lienau v. Garcia*, 2013 WL 6697834, at *5-8 (S.D.N.Y. Dec. 19, 2013) (dismissing Section 1983 conspiracy claim where plaintiff failed to allege specific facts to support allegations that private party defendant had "a meeting of the minds" and conspired with state actors).

Here, the Amended Complaint conclusorily alleges that "Defendants conspired and acted in concert." (Am. Compl. ¶ 322; *see also id.* ¶¶ 323-25 (alleging "conspiracy" claim against "Defendants" generally).) The Amended Complaint provides no specific allegations concerning any purported conspiracy between State Farm and any state actors. Plaintiff's repeated conclusory allegations regarding the "Defendant Insurance Companies" (which are defined to include State Farm) are insufficient to state a viable conspiracy claim. *See Pressley v. City of New York*, 2013 WL 145747, at *13 (E.D.N.Y Jan. 14, 2013) (dismissing Section 1983 conspiracy claim because "Plaintiff ha[d] failed to allege with particularity what acts individual defendants took and what agreement they entered" into). As this Court has stated, complaints such as the Amended Complaint here that "'contain[] only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed.'" *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 428 (S.D.N.Y. 2013) (Buchwald, J.) (quoting *Ciambriello*, 292 F.3d at 325). In addition, Plaintiff's conclusory allegations are insufficient to

February 19, 2015
Page 3

support the purported constitutional violations underlying Plaintiff's Section 1983 claims. *See Lehman v. Kornblau*, 134 F. Supp. 2d 281, 290-91 (E.D.N.Y. 2001) (where plaintiff physician had previously been found not guilty of insurance fraud, court dismissed plaintiff's Section 1983 claims against defendant insurers for malicious prosecution and false arrest; holding that plaintiff's conclusory allegations of conspiracy were insufficient because plaintiff failed to allege facts to plausibly show the defendant insurers' "direct and personal involvement in the conduct" underlying the claims).

Plaintiff's tortious interference claims should also be dismissed. "'Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom.'" *Plasticware, LLC v. Flint Hills Res., LP*, 852 F. Supp. 2d 398, 404 (S.D.N.Y. 2012) (quoting *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 401-02 (2d Cir. 2006)). The law requires specificity in pleading a claim for tortious interference with contract. *See Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 227-28 (S.D.N.Y. 2013) ("conclusory allegations of interference with an unspecified contract are insufficient to plead tortious interference"). Here, Plaintiff has utterly failed to allege any specific actions undertaken by State Farm to support a claim that it tortiously interfered with, or conspired to tortiously interfere with, any specific contract to which Plaintiff may have been a party. *See Plasticware, LLC*, 852 F. Supp. 2d at 404 (dismissing tortious interference claim where "Plaintiff ha[d] not plausibly alleged adequate details about a specific contract between itself and a third party" that defendant interfered with); *Millar v. Ojima*, 354 F. Supp. 2d 220, 230 (E.D.N.Y. 2005) ("In order to state a [tortious interference with contract] claim, the plaintiff is required to 'identify a specific contractual term that was breached'" (citation omitted)); *G-I Holdings, Inc. v. Baron & Budd*, 179 F. Supp. 2d 233, 253 (S.D.N.Y. 2001) (dismissing a tortious interference with contract claim for both the failure to allege "a valid, existing contract or any terms of contract with a third party," as well as how the third party breached its contract with the plaintiff).

For these reasons, State Farm respectfully requests a pre-motion conference in order to file a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim against State Farm.

Respectfully submitted,

Douglas W. Dunham

3