# Davidoff Law Firm, P.L.L.C.

19 February 2015

**via ECF and FACSIMILE (212) 805 -7927**
Honorable Naomi Buchwald
United States District Court, Southern District of New York

Re:   *Mark Shapiro v. Daniel Sachs Goldman*, et al. Case No.:  14-cv-10119 (NRB)
      Response to National Insurance Crime Bureau and Anthony Tardalo's Letter request

Dear Judge Buchwald:

This firm represents Dr. Mark Shapiro, the Plaintiff in the above-mentioned civil action and writes this letter in response to Defendants National Insurance Crime Bureau and Anthony Tardalo's (hereinafter the "NICB" and "Tardalo" and collectively "Defendants") request for a pre-motion conference. The merits of the Defendants' arguments are briefly addressed herein.

The Defendants assert that the eight causes of action in the Amended Complaint pursuant to 42 U.S.C. §1983 should be dismissed because the NICB and Tardalo are not state actors and did not act under the color of federal law[1]. This argument is beyond reproach.  In response to receiving a subpoena from the Plaintiff in the criminal case[2], the NICB and Tardalo, using the same exact counsel as here, argued that the Defendants were "government agents."[3] Now according to the Defendants, and their same counsel, the Defendants have nothing to with the government.  This begs the question as to which time did the Defendants commit a fraud upon the Court.[4]

Multiple Memorandums of Understanding outline and explicitly authorize the intimate relationship between the Federal Bureau of Investigation ("FBI") and the NICB. (Amended Complaint at ¶¶ 35-36, 40-51, 231-233). The NICB provided fabricated evidence in the form of reports authored by Tardalo to the government in order to provide false justification for the arrest and prosecution of Dr. Shapiro in order to eliminate pending valid unpaid claims.  Such false information from the NICB was included in FBI search warrant applications as evidence to obtain a showing of probable cause against Dr. Shapiro. (Amended Complaint ¶¶166-169, 176, 179, 180-188).  The government gratefully utilized the fabricated evidence, which it knew was false, and further treated the NICB as experts to establish probable cause in various warrant applications. (Amended Complaint ¶¶ 6, 124, 127, 176, 196).  The NICB's own website states

---

[1] Because the Defendants acted under the color of federal law, these actions are brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] *United States v. Michael Zemylansky, et al*.  United States District Court for the Southern District of New York, Docket No. 12-cr-171 (JPO).  The NICB's then convenient claim to be "Government Agents" is pled. ( ¶¶ 95-96)
[3] Argument III of the NICB's motion to quash was titled: "THE SUBPOENAS IMPERMISSBLY SEEK DISCOVERY OF DOCUMENTS MADE BY A **GOVERNMENT AGENT** IN CONNECTION WITH INVESTIGATING AND PROSECUTING THIS CASE" (emphasis added)
[4] If this course of conduct continues we will request sanctions.  (See Rule 11 and 28 U.S.C.S. § 1927)

---

228 East 45th Street                                              100 North Biscayne Blvd.
Suite 1700                                                                      Suite 1607
New York, New York 10017                                          Miami, Florida 33132
Tel: (212)587-5971                                                  Tel: (305)672-7495
Fax: (212)658-9852                                                  Fax: (305)718-0647

www.DavidoffLawFirm.com

that it "partners with law enforcement agencies to facilitate the identification, detection and prosecution of insurance criminals." (Amended Complaint ¶143). The NICB worked directly with AUSAs in the underlying criminal matter to produce fabricated loss amounts in order to increase potential sentences and push criminal defendants to enter guilty plea – which Dr. Shapiro refused to do because he was and is innocent. (Amended Complaint ¶¶3, 121, 206-220). The close relationship between the NICB and the United States Attorney's Office is further evidenced by a letter drafted by Tardalo to various insurance companies requesting information about Dr. Shapiro. The letter explicitly notes how the "The US Attorney's Office is doing a great job getting the Global withdrawals and saving your companies a ton of money." (Amended Complaint ¶¶224, 225). The Amended Complaint makes it clear – it was all about the money. The NICB creates bogus fraud indicators designed to make any accident claim seem fraudulent. These indicators are given to its member insurance companies so that they can create reports/ spread sheets of "suspicious" claims about doctors. This information is fed back to the NICB who then provides it to the FBI to further prosecutions, i.e. Dr. Shapiro. (¶¶ 144 & FN. 10, 222).

The above specific allegations sufficiently establish the joint relationship of the Defendants and the government. *See, See Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008) ("[T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' (the public function test)"); *Hernandez v. Goord,* 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004); *Naples v. Stefanelli,* 972 F.Supp.2d 373, 392 (E.D.N.Y. 2013); *Anilao v. Spota,* 774 F.Supp.2d 457, 498-500 (E.D.N.Y. 2011).

The cases that the Defendants rely on do not support their argument because such cases either do not address what constitutes a state actor, or rule unfavorably with respect to Defendants' current position. *See, Hubbard v. Hanley,* 2010 U.S. Dist. Lexis 46550 *8 (S.D.N.Y.) (Court did not address the issue of whether or not the defendant was a state actor); Kanciper *v. Lato*, 989 F.Supp.2d 216, 234-235 (E.D.N.Y. 2013) (Court ruled the defendant was a state actor). [1]

Defendants further assert that they are protected by N.Y. Financial Services Law §405, which immunizes those who provide evidence of insurance fraud to a law enforcement agency. However, such protection does not extend to allegations involving bad faith. *See* N.Y. Financial Services Law §405 ("In the absence of fraud or bad faith […]"). Dr. Shapiro repeatedly alleged that the NICB and Tardalo acted in bad faith by providing knowingly false information to the FBI and United States Attorney's Office for the purpose of benefitting their insurance company constituents. Therefore immunity pursuant to N.Y. Financial Services Law §405 does not apply to the Defendants. *Zellermaier v. Travelers Indemnity Company of Illinois,* 190 Misc.2d 487, 489 (N.Y. Cty. S. Ct. 2002) ("The qualification limiting immunity is fraud or bad faith.").

The NICB and Tardalo also argue that Plaintiff's causes of action for False Arrest, Malicious Prosecution, and Abuse of Process must fail because the elements cannot be satisfied. Specifically the Defendants assert that the NICB and Tardalo cannot be liable because they did not arrest Dr. Shapiro or commence the criminal proceeding against Dr. Shapiro.  The

---

[1] Defendants incorrectly cited both cases in their letter.

Defendants are liable for such causes of action, however, because they willingly provided information to the FBI and United States Attorney's Office that they knew was false and which would result in Dr. Shapiro's arrest and prosecution.  *See Sykes v. James,* 13 F.3d 515, 520 (2d Cir. 1993); *Rivers. v. Towers, Perrin, Foster & Crosby, Inc.,* 2009 U.S. Dist. Lexis 26301 *7-15 (E.D.N.Y. 2009); *Mejia v. City of New York,* 119 F.Supp.2d 232, 272-73 (E.D.N.Y. 2000).

The Defendants also contend that the existence of probable cause is a complete defense to False Arrest, Malicious Prosecution, and Abuse of Process – they are wrong. The existence of probable cause is not a defense to an Abuse of Process action, which only requires the Defendants to have commenced an action against Plaintiff without justification. *See Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.,* 534 F.2d 422, 465 n.85 (2d Cir. 1975) ("Abuse of process, however does not depend upon whether or not the action was brought without probable cause […]"); *Conte v. County of Nassau,* 2010 U.S. Dist. Lexis 104815 *75 (E.D.N.Y. 2010) ("Moreover, even if probable cause existed, […] probable cause is not an absolute defense to a claim of abuse of process.  Probable cause, as such, is not an element of the tort of abuse of process."); *VanZandt v. Fish & Wildlife Serv.,* 524 F.Supp. 2d 239, 247 (W.D.N.Y. 2007) ("[P]rocess properly issued on probably [*sic*] cause can nonetheless be abused").

As for the False Arrest and Malicious Prosecution claims, the Defendants assert that there is a presumption of probable cause because Dr. Shapiro's arrest was made pursuant to a warrant issued by a Magistrate and because the Grand Jury handed down an indictment.  First, this presumption only applies to the Malicious Prosecution claim, not the cause of action for False Arrest. *Mejia, supra,* 119 F.Supp.2d at 256 *citing Broughton v. State,* 37 N.Y.2d 451 (1975). Second, the presumption is rebutted with respect to the Malicious Prosecution claim because the NICB and Tardalo acted in bad faith by presenting knowingly false information to the FBI and United States Attorney's Office, which resulted in the procurement of search warrants as well as the arrest and indictment of Dr. Shapiro. *See Brandon v. City of New York,* 705 F.Supp.2d 261, 272 (S.D.N.Y. 2010); *Kanciper, supra,* 989 F.Supp.2d at 233; *Mejia, supra,* 119 F.Supp.2d at 256.  The Defendants also claim that the Plaintiff failed to plead special damages; however it is well established that Dr. Shapiro is not required to plead special damages because he and his home were searched as a result of his arrest. *Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir. 1990).

Finally, contrary to Defendants' assertion, Plaintiff stated a cause of action for Tortious Interference with a business relation and Conspiracy to Commit Tortious Interference as Plaintiff alleged: (1) Plaintiff had employment contracts with multiple entities to provide services for reviewing MRI films related to No-Fault insurance claims (2) Defendants were aware of these contracts (3) Defendants provided knowingly false information to the FBI and the United States Attorney's Office resulting in (4) disabling Plaintiff from working on No-Fault insurance matters and termination of said contracts.

For the foregoing reasons, Defendants' anticipated motion to dismiss will be denied by this Court.  Your Honor, thank you in advance for your time and attention to this matter.

Very truly yours,

Jonathan Marc Davidoff, Esq.

cc: All counsel via ECF