

Jonathan Marc Davidoff, Esq.
Admitted in Florida and New York

Glen A. Kendall, Esq.
Admitted in Connecticut and New York

Aaron R. Resnick, Esq.
Admitted in Florida, of Counsel

Derek A. Schwartz, Esq.
Admitted in Florida, of Counsel

2 March 2015

**Via ECF and FACSIMILE (212) 805-7927**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York

Re:   *Mark Shapiro v. Daniel Sachs Goldman*, et al. Case No.: 14-cv-10119 (NRB)
      Response to State Farm Insurance Company's Letter Request

Dear Judge Buchwald:

This Firm represents Dr. Mark Shapiro ("Plaintiff"), the Plaintiff in the above-mentioned action. We write in response to Defendants State Farm Fire and Casualty Company's and State Farm Mutual Insurance Company's (collectively "State Farm") request for a pre-motion conference. The merits of State Farm's proposed motion to dismiss are briefly addressed herein. Once again we have an insurance company defendant mischaracterizing the Amended Complaint as if the mischaracterization superseded the actual contents of the pleading.

State Farm asserts that the "Amended Complaint provides no specific allegations concerning any purported conspiracy between State Farm and any state actors. Plaintiff's repeated conclusory allegations regarding the 'Defendant Insurance Companies' (which are defined to include State Farm) are insufficient to state a viable conspiracy claim." State Farm forgets that in deciding a motion to dismiss "courts must consider the complaint in its entirety..." *Picard v. Merkin (In re Bernard L. Madoff Inv. Sec. LLC)*, 515 B.R. 117 (U.S. Bankruptcy Court S.D.N.Y. 2014). Every conclusion – there are few – in the Amended Complaint is based upon voluminously pled factual allegations. Further, the test for what constitutes a conspiracy is joint engagement with government actors in prohibited conduct. Joint conduct proves the conspiracy. (*See infra.*)

The Amended Complaint repeatedly alleges that State Farm participated in the Government's investigation, arrest and prosecution of Plaintiff through false allegations and fabrication of evidence for their own financial benefit. State Farm did this so that indicted providers would abandon claims and even reimburse State Farm for the minimal claims paid as the result of the prosecution. (*See, e.g.* ¶¶ 6-10, 38, 39, 40, 44, 82, 84, 89, 119, 131, 139-141, 144, 168-171, 175, 188, 196, 221-230, 241, 267, 288-295, 312, 335-337 343-347). The Amended Complaint alleges that State Farm, together with the NICB, fabricated reports of fraudulent provider activity by utilizing NICB created criteria that hyper inflates the number of "suspect claims." *See* Am. Compl., ¶¶ 140-141. Reports of these "suspect claims" – fabrications – were passed as part of the grand conspiracy to the Government Defendants in order to provide knowingly false support to the Government's non-existent case against Dr. Shapiro. (*See, e.g.* ¶¶ 139-141, 144 & F.N. 10 and related detailed pleadings of "conspiracy"). *See also e.g.* ¶¶ 144-146, 166-171: "Insurance companies give the NICB information as to who they believe are committing fraud and this is



Davidoff Law Firm, P.L.L.C.

228 East 45th Street
Suite 1700
New York, NY 10017
Tel: 212-587-5971
Fax: 212-658-9852

www.DavidoffLawFirm.com

100 North Biscayne Blvd.
Suite 1607
Miami, FL 33132
Tel: 305-673-5933
Fax: 305-718-0647

submitted to further analysis by the NICB, which uses fraud indicators invented by the NICB and the insurance companies – not what the FBI believes are indicators of fraud." Furthermore, the Amended Complaint references a report issued by NICB Special Agent Tardalo to the FBI that was dubbed the 'Clearview Analysis.' This 35 page report centered on the medical facility Clearview of Brooklyn Medical P.C., for whom Dr. Shapiro performed MRI reviews. The report consisted of a "presentation of what were labeled as questionable claims" from insurance companies. "Amongst short conclusory labels of fraud, Dr. Shapiro's name is mentioned as a 'Provider of Services.' As demonstrated above, the NICB and insurance company indicia of fraud are bogusly designed to label almost anything as potential fraud including an 'older vehicle' involved in an accident; a prior claim history; an accident after 9:00 PM, etc."

The Plaintiff even provided proof of motive and conspiratorial communication between the "Insurance Company Defendants", NICB and Government in the form of an email written by NICB Special Agent Tardalo on behalf of the NICB and the Government to the "Insurance Company Defendants" including State Farm, that was cited in ¶ 224 of the Amended Complaint: "The US Attorney is requesting all billing where Dr. Mark Shapiro is named on the bills as the treating provider [...] *The US Attorney's Office is doing a great job getting the Global withdrawals and saving your companies a ton of money. Please lets take the time and get them what they need to make this case ...*" The language of Tardalo's email evidences that the investigation that led to Plaintiff's arrest and prosecution was driven by State Farm and insurance company greed: "saving your companies a ton of money." Further, the Insurance Companies Defendants, in conjunction with the NICB and Government Defendants, including State Farm, worked to concoct a fabricated case against Dr. Shaprio including exaggerated loss amounts to extort Dr. Shapiro to capitulate. *See* ¶¶ 206-220 for a description of the "loss amounts" scheme as driven by the Insurance Company Defendants' fabrications. *See, also*, ¶¶ 175-188, 192-193, which describes in detail how fabricated information from State Farm and the other "Insurance Company Defendants", as well as the NICB, is utilized in government applications for wiretaps and search warrants to create bogus probable cause.

The Amended Complaint pleads a specific agreement between State Farm and the Government. It is voluminously pled that State Farm, amongst the other Insurance Company Defendants, are part of the NICB. (*See, e.g.* ¶ 26.) Further, the NICB is utilized by State Farm as well as other insurance companies to hijack law enforcement into prosecuting medical providers for profit. (*See, e.g.* ¶¶ 2-10; 88-96; 119.) The NICB, through industry clout, has entered into very specific agreements with the Government on behalf of their Insurance Company Defendant members – called Memorandums of Understanding ("MOUs") – that allow the NICB and insurance industry – including State Farm – to essentially become FBI agents and prosecutors. The multiple MOUs detailed in the Complaint applied to NICB/insurance industry agreements with the Government as precedent as well as those MOUs that applied directly to this case. (*See, e.g.* ¶¶ 9-10; 125; 127; 144; 148-160; 231-233; 243-257; 285; 289; 342-243.) In fact, in his press release, Defendant Preet Bharara thanked "the investigative units of the insurance companies that provided invaluable assistance with the investigation." (¶ 59) "[I]nvaluable assistance" requires coordination which requires agreement.

Also pled in detail is State Farm's penchant for using the NICB to buy law enforcement in order to have medical providers falsely arrested and maliciously prosecuted to avoid payment of claims. "State Farm was found to have funneled illegal funds to the Suffolk County District Attorney's Office through the NICB." (*See, e.g.* ¶¶ 119, 264-265, 266-270.)

Defendants also assert that Plaintiff's claims should be dismissed because Defendants are not state actors. The above-recited facts easily defeat the Defendant's argument. It is well established that a private entity or citizen acts under the color of federal law for the purposes of § 1983 when it is jointly engaged with federal officials in a prohibited action. *See, e.g. United States v. Price, 383 U.S. 787, 794 (1966); Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970). *see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) (Extending §1983 liability to those who act under the color of federal law). The allegations contained in the Amended Complaint were sufficiently pled to establish that the Defendants acted jointly with members of the government to deprive Plaintiff of a constitutional right. *See Sybalski v. Indep. Group Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008) ("[T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' (the public function test)"); *Hernandez v. Goord,* 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004); *Naples v. Stefanelli,* 972 F.Supp.2d 373, 392 (E.D.N.Y. 2013); *Anilao v. Spota,*774 F.Supp.2d 457, 498-500 (E.D.N.Y. 2011). Further, because Plaintiff was subjected to an unjustified arrest, search, bail conditions, and was unjustly required to attend numerous criminal proceedings, he was deprived of rights afforded to him under the Constitution as a result of the Defendants' conduct. *See* Am. Compl., at ¶¶ 38, 48, 278).

Finally, Plaintiff properly pled a cause of action for Tortious Interference and Conspiracy to Commit Tortious Interference as Plaintiff alleged: (1) Plaintiff had employment contracts with multiple entities to provide services for reviewing MRI films related to No-Fault insurance claims (2) Defendants were aware of these contracts (3) Defendants provided knowingly false information to the FBI and/or the United States Attorney's Office resulting in (4) Plaintiff's inability to work on No-Fault insurance matters and the termination of said contracts. *See* Am. Compl., at ¶¶ 346-348.

For the foregoing reasons State Farm's motion to dismiss will be an exercise in inelegance. We thank the Court for its time and consideration.

Very truly yours,

Jonathan Marc Davidoff, Esq.

cc: All counsel via ECF