

Jonathan Marc Davidoff, Esq.
Admitted in Florida and New York
Glen A. Kendall, Esq.
Admitted in Connecticut and New York

Aaron R. Resnick, Esq.
Admitted in Florida, of Counsel
Derek A. Schwartz, Esq.
Admitted in Florida, of Counsel

4 March 2015

**Via ECF and FACSIMILE (212) 805-7927**
Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York

Re:   *Mark Shapiro v. Daniel Sachs Goldman*, et al. Case No.: 14-cv-10119 (NRB)
      Response to The Travelers Insurance Companies' Letter Request

Dear Judge Buchwald:

This Firm represents Dr. Mark Shapiro the Plaintiff in the above-mentioned action. We write in response to Travelers Indemnity Company and Traveler's Home and Marine Insurance Company (collectively "Travelers") request for a pre-motion conference. The merits of Traveler's proposed motion to dismiss are briefly addressed herein. Once again a Defendant has based their arguments on their mischaracterization of the depth, breadth and detail of the allegations.

Travelers ignores the actual pleadings with fictitious assertions such as the following: "Plaintiff alleges only that Traveler's provided information to the NICB who then forwarded that information to the FBI who then used the information, in conjunction with the US Attorney's Office, to prosecute plaintiff ... plaintiff has not alleged Travelers fabricated any of the information that was provided to the NICB ...".

The Amended Complaint repeatedly alleges that Travelers participated in the Government's investigation, arrest and prosecution of Plaintiff through false allegations and fabrication of evidence for their own financial benefit. Travelers did this so that indicted providers would abandon claims and even reimburse Travelers for the minimal claims paid as the result of the prosecution. *See,* Am. Compl., *e.g.*, ¶¶ 6-10, 38, 39, 40, 44, 82, 84, 89, 119, 131, 139-141, 144, 168-171, 175, 188, 196, 221-230, 241, 267, 288-295, 312, 335-337 343-347. The Amended Complaint alleges that Travelers, together with the NICB, fabricated reports of fraudulent provider activity by utilizing NICB created criteria that hyper inflates the number of "suspect claims." *Id., at* ¶¶ 140-141. Reports of these "suspect claims" – fabrications – were passed as part of the grand conspiracy to the Government Defendants in order to provide knowingly false support to the Government's non-existent case against Dr. Shapiro. *Id.*, at ¶¶ 139-141, 144 & F.N. 10 and related detailed pleadings of "conspiracy"; *see also, e.g.* ¶¶ 144-146, 166-171: ("Insurance companies give the NICB information as to who they believe are committing fraud and this is submitted to further analysis by the NICB, which uses fraud indicators invented by the NICB and the insurance companies – not what the FBI believes are indicators of fraud.") Furthermore, the Amended Complaint references a report issued by NICB Special Agent Tardalo to the FBI that was dubbed the 'Clearview Analysis.' This 35 page report centered on the medical facility Clearview of Brooklyn Medical P.C., for whom Dr. Shapiro performed reads. It



**Davidoff Law Firm, P.L.L.C.**
www.DavidoffLawFirm.com

228 East 45th Street
Suite 1700
New York, NY 10017
Tel: 212-587-5971
Fax: 212-658-9852

100 North Biscayne Blvd.
Suite 1607
Miami, FL 33132
Tel: 305-673-5933
Fax: 305-718-0647

consisted of a "presentation of what were labeled as questionable claims" from insurance companies. "Amongst short conclusory labels of fraud, Dr. Shapiro's name is mentioned as a 'Provider of Services.' As demonstrated above, the NICB and insurance company indicia of fraud are bogusly designed to label almost anything as potential fraud including an 'older vehicle' involved in an accident; a prior claim history; an accident after 9:00 PM, etc."

The Plaintiff even provided proof of motive and conspiracy between all of the Defendants in the form of an email written by NICB Special Agent Tardalo on behalf of the NICB and the Government to the "Insurance Company Defendants" including State Farm, that was cited in ¶ 224 of the Amended Complaint: "The US Attorney is requesting all billing where Dr. Mark Shapiro is named on the bills as the treating provider [...] *The US Attorney's Office is doing a great job getting the Global withdrawals and saving your companies a ton of money. Please lets take the time and get them what they need to make this case ...*" The language of Tardalo's email evidences that the investigation that led to Plaintiff's arrest and prosecution was driven by Travelers and insurance company greed: "saving your companies a ton of money." Further that the defendant insurance companies in conjunction with the NICB and Government Defendants, including Travelers, worked to concoct a fabricated case against Dr. Shaprio including exaggerated loss amounts to extort Dr. Shapiro to capitulate. *Id.*, at ¶¶ 206-220 for a description of the "loss amounts" scheme as driven by the Insurance Company Defendants' fabrications. *See also*, ¶¶ 175-188, 192-193, which describes in detail how fabricated information from Travelers and the other "Insurance Company Defendants", as well as the NICB, is utilized in government applications for wiretaps and search warrants to create bogus probable cause.

The Amended Complaint aggressively pleads agreement between Travelers and the Government. Travelers, amongst the other Insurance Company Defendants are part of the NICB. *Id.*, at ¶ 26. The NICB is utilized by Travelers as well as other insurance companies to hijack law enforcement into prosecuting medical providers for profit. *Id.*, at ¶¶ 2-10; 88-96; 119. The NICB through industry clout has entered into very specific agreements with the Government on behalf of their Insurance Company Defendant members – called Memorandums of Understanding ("MOUs") – that allow the NICB and insurance industry – including Travelers – to essentially become FBI agents and prosecutors. The multiple MOUs detailed in the Complaint applied to NICB/insurance industry agreements with the Government as precedent as well as those MOUs that applied directly to this case. *Id.*, at ¶¶ 9-10; 125; 127; 144; 148-160; 231-233; 243-257; 285; 289; 342-243. Defendant Preet Bharara thanked "the investigative units of the insurance companies that provided invaluable assistance with the investigation." *Id.*, at ¶ 59.

Travelers argues that Travelers is not a state actor. The above-recited facts easily defeat Travelers' argument. A private entity or citizen acts under the color of federal law for the purposes of § 1983 when it is jointly engaged with federal officials in a prohibited action. *See, e.g. Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). The allegations contained in the Amended Complaint were sufficiently pled to establish that the Defendants acted jointly with members of the government to deprive Plaintiff of a Constitutional Right. *See Sybalski v. Indep. Group Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) ("[T]he actions of a nominally private entity are attributable to the state when: (1) the entity acts pursuant to the

'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' (the public function test)"); *Hernandez v. Goord,* 312 F.Supp.2d 537, 546 (S.D.N.Y. 2004); *Anilao v. Spota,* 774 F.Supp.2d 457, 498-500 (E.D.N.Y. 2011). Further, because Plaintiff was subjected to an unjustified arrest, search, bail conditions, and was unjustly required to attend numerous criminal proceedings, he was deprived of rights afforded to him under the Constitution as a result of the Defendants' conduct. *See* Am. Compl., at ¶¶ 38, 48, 278.

Travelers argues that Plaintiff's causes of action for False Arrest, Malicious Prosecution, and Abuse of Process must fail because Travelers did not arrest or commence the criminal proceeding. Travelers is liable for such causes of action, however, because they willingly provided information to the FBI and United States Attorney's Office which they knew was false and which resulted in Dr. Shapiro's arrest and prosecution. *See Sykes v. James,* 13 F.3d 515, 520 (2d Cir. 1993). Travelers also argues probable cause but the existence of probable cause is not a defense to an Abuse of Process action, which only requires the Defendants to have commenced an action against Plaintiff without justification. *See e.g. Lodges 743 & 1746, Int'l Ass'n of Machinists v. United Aircraft Corp.,* 534 F.2d 422, 465 n.85 (2d Cir. 1975). This probable cause presumption only applies to the Malicious Prosecution claim, not the cause of action for False Arrest. *Mejia v. City of New York,* 119 F.Supp.2d 232, 272-73 (E.D.N.Y. 2000). The presumption is rebutted with respect to the Malicious Prosecution claim because Travelers acted in bad faith by presenting knowingly false information to the FBI and United States Attorney's Office, which resulted in the procurement of search warrants as well as the arrest and indictment of Dr. Shapiro. *See Brandon v. City of New York,* 705 F.Supp.2d 261, 272 (S.D.N.Y. 2010). Travelers claims that the Plaintiff failed to plead special damages; however it is well established that Dr. Shapiro is not required to plead special damages because he and his home were searched as a result of his arrest. *Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir. 1990).

Plaintiff properly pled Tortious Interference and Conspiracy to Commit Tortious Interference as Plaintiff alleged: (1) Plaintiff had employment contracts with multiple entities to provide services for reviewing MRI films related to No-Fault insurance claims (2) Defendants were aware of these contracts (3) Defendants provided knowingly false information to the FBI and/or the United States Attorney's Office resulting in (4) Plaintiff's inability to work on No-Fault insurance matters and the termination of said contracts. *See* Am. Compl., at ¶¶ 346-348.

We thank the Court for its time and consideration.

Very truly yours,

*/s/ Jonathan Marc Davidoff*

Jonathan Marc Davidoff, Esq.

cc: All counsel via ECF